IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GLORIA J. LEONARD, | : | |
| Appellant, | : | |
| | : | |
| v. | : | C.A. No. S19A-08-001 RFS |
| | : | |
| UNEMPLOYMENT INSURANCE | : | |
| APPEAL BOARD and | : | |
| RKB FUNERALS, | : | |
| D/B/A WATSON FUNERAL HOME | : | |
| | : | |
| Appellees. | : | |

**MEMORANDUM OPINION**

*On Appeal from a Decision of the Unemployment Insurance Appeal Board.*

*Affirmed.*

Submitted: 10/21/2019
Decided: 11/18/2019

Gloria J. Leonard, 31027 Mollyfield Rd., Dagsboro, Delaware 19939, Pro Se Appellant.

Daniel C. Mulveny, Esq., Department of Justice, 820 N. French Street, Wilmington, Delaware 19801, Attorney for Appellee, Unemployment Insurance Appeal Board.

Alan D. Albert, Esq., 800 N. King Street, Suite 303, Wilmington DE 19801, Attorney for Appellee, RKB Funerals d/b/a Watson Funeral Home.

Victoria W. Counihan, Esq., 820 N. French Street, Wilmington, Delaware 19801, Attorney for Appellee, Department of Labor.

STOKES, R.J.

FILED PROTHONOTARY SUSSEX COUNTY 2019 NOV 18 P 3 20

## I. INTRODUCTION

Gloria Leonard ("Appellant") has appealed the decision of the Unemployment Insurance Appeals Board ("UIAB" or "Board") to deny Appellant's claim for unemployment benefits. The Board found that Appellant voluntarily terminated her employment with RKB Funerals d/b/a Watson Funeral Home ("Employer") without good cause and is accordingly disqualified from receiving unemployment benefits. For the reasons stated herein, the Board's decision is **AFFIRMED**.

## II. FACTUAL AND PROCEDURAL HISTORY

Appellant was employed as an Administrative Assistant with Employer. She began working full-time in January, 2012. In January, 2019, a conflict arose and Appellant voluntarily quit her employment with Employer.

On January 9, 2019, upon returning to work from vacation, Appellant realized that work had not been handled in her absence. Appellant claims that the usual practice is when an employee is on vacation, other employees handle the absent employee's time-sensitive matters. This had not been done, so Appellant approached Employer to discuss her frustrations. Employer got angry with Appellant and told her to handle the work that had not been completed. Appellant claims this took place in the presence of customers, embarrassing her.

Later that day, Appellant and Employer discussed expectations. In response to being told to handle the work, Appellant asked Employer what would happen if she refused to handle the work. Employer advised Appellant that if she refused, she could find work elsewhere. Appellant requested Employer put this in writing and allow her to return the next day to clean her desk out. Employer agreed.

On January 10, 2019, the following day, Employer emailed Appellant to let her know her job was still available should she want it. He also told Appellant it was her decision to leave and

2

she would be missed should she decide to not come back. Employer further told Appellant should she not return on Monday, he would know she had made her decision. Appellant informed Employer that it was his behavior on January 9, 2019 that prompted her decision to leave and he still did not apologize to her. She also told Employer she was sad to leave but she had enough respect for herself to walk away with integrity. She claims Employer offered her a part-time position but did not actually allow her to work.

Following her departure, Appellant applied for unemployment compensation benefits. The Claims Deputy determined that Appellant was disqualified from receiving benefits because she voluntarily terminated her employment. Appellant appealed the Claims Deputy's decision. Employer did not participate in this proceeding. The Appeals Referee affirmed the Claims Deputy's decision, finding that Appellant did not exhaust her administrative remedies and quit without good cause. Thereafter, Appellant appealed the Referee's decision to the Board. Employer did not participate in this proceeding. The Board affirmed the Referee's decision. Appellant now appeals the Board's decision to this Court.

## III. **STANDARD OF REVIEW**

When reviewing the decisions of the Board, this Court must determine whether the Board's findings and conclusions of law are free from legal error and are supported by substantial evidence in the record.[1] Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[2] The Court's review is limited: "[i]t is not the appellate court's role to weigh evidence, determine credibility questions

---

[1] *Unemployment Ins. Appeal Bd. v. Martin*, 431 A. 2d 1265 (Del. 1981).
[2] *Gorrell v. Division of Vocational Rehab.*, 1996 WL 453356 at *2 (Del. Super. Ct. 1996).

3

or make its own factual findings, but merely to decide if the evidence is legally adequate to support the agency's factual findings."[3]

## IV. DISCUSSION

Appellant argues that she did not voluntarily terminate employment and she should be granted unemployment benefits. Pursuant to 19 *Del. C.* §3314(1), an individual cannot qualify for unemployment benefits where that individual leaves work "voluntarily without good cause attributable to such work...."[4] The Supreme Court of Delaware established that "good cause is established where: (i) an employee voluntarily leaves employment for reasons attributable to issues within the employer's control and under circumstances in which no reasonably prudent employee would have remained employed; and (ii) the employee first exhausts all reasonable alternatives to resolve the issues before voluntarily terminating his or her employment."[5] The issue this Court must address is whether the Board's conclusion that Appellant voluntarily left her employment without good cause in connection with her job is supported by the evidence.

Before addressing whether Appellant had good cause or exhausted her administrative remedies, it must be determined that she voluntarily terminated her employment. Appellant argues that her separation from employment was involuntary. Appellant argues that she did not walk away from her employment, she dismissed herself from a hostile situation. The evidence presented shows that Employer emailed Appellant to let her know her job was still available should she wish to return. Appellant did not return. Review of the record supports a finding that Appellant voluntarily terminated her employment.

---

[3] *McManus v. Christiana Serv. Co.*, 1997 WL 127953, at *1 (Del. Super. Ct. 1997).
[4] 19 *Del. C.* §3314(1).
[5] *Thompson v. Christiana Care Health Sys.*, 25 A.3d 778, 783 (Del. 2011).

4

Though Appellant voluntarily terminated employment, she could still be eligible for unemployment benefits if she terminated employment for good cause attributable to her job. An employee does not have good cause to leave their employment because they are in an undesirable situation.[6] The court has held that when determining good cause, it should be "determined by a reasonably prudent person under similar circumstances. An employee does not have good cause to quit merely because there is an undesirable or unsafe situation connected with the employment."[7]

Appellant argues that she dismissed herself from a hostile situation.[8] Appellant further claims that she and Employer had confrontations in the past and she had enough integrity to walk away with dignity and respect. Appellant does not allege any other issues with her employment, failing to establish good cause. "[U]nhappiness arising out of an unpleasant work environment, without more, does not constitute good cause."[9] Appellant does not show a lessening of basic employment rights or cruel and harsh punishment by Employer.[10] In fact, the record shows Appellant was willing to work part-time for Employer. Appellant's departure arose from her disagreements with Employer and this does not constitute good cause.

The Board further determined that Appellant failed to exhaust her administrative remedies with Employer. In order to exhaust all reasonable alternatives, an employee must

---

[6] *Ament v. Rosenbluth Int'l*, 2000 WL 1610770, at *2 (Del. Super. Ct. Aug. 31, 2000) (holding that an employee "did not have good cause to leave her employment simply because she was in an undesirable situation. Good cause exists when [an employee's] ability to earn a living is jeopardized....").

[7] *Id.* at *2 ("good cause exists (1) when an employer fails to pay wages; (2) when a decrease in claimant's wages renders claimant unable to earn a living; and (3) when claimant discussed decrease in wages with employer prior to quitting.")

[8] The situation Appellant refers to is the January 9, 2019 situation upon her return from vacation.

[9] *Thompson*, 25 A.3d at 78 ("Thompson's unhappiness arose out of her disagreements with her manager and the conduct of her co-workers—a situation that Thompson decided was personally untenable. We agree with the Superior Court that unhappiness arising out of an unpleasant work environment, without more, does not constitute good cause.").

[10] *Id.*

5

"bring the problem to the attention of someone with the authority to make the necessary adjustments, describe the problem in sufficient detail to allow for resolution, and give the employer enough time to correct the problem."[11] Appellant addressed her concerns with Employer the same day she terminated her employment. Employer emailed Appellant letting her know she would be missed should she not return, but she proceeded to terminate employment without allowing Employer adequate time to address the issue.[12] The Board correctly concluded that Appellant did not give employer enough time to correct the problem, thereby failing to exhaust her administrative remedies with Employer.

Appellant also argues she was disqualified unlawfully because Employer was not present at the hearings held by the Claims Deputy, Appeals Referee, or the Board. Because Employer did not participate until now, the Board relied on the testimony and evidence provided by Appellant. There is no requirement that an employer must participate in a claim for unemployment benefits.[13] The Board relied on the evidence solely offered by Appellant and found she was disqualified.

The Board's decision that Appellant left her employment without good cause is supported by substantial evidence. Appellant was unhappy with the way Employer approached her regarding the outstanding task. She then proceeded to terminate employment even though

---

[11] *Thompson*, 25 A.3d at 784-85.

[12] *Chandler v. Unemployment Ins. Appeals Bd.*, 2014 WL 5011105, at *3 (Del. Super. Ct. Sept. 9, 2014) (The Superior Court found that Appellant "did not provide her employer with enough time to even investigate the issue" when she raised the issue and quit within 24 hours later.").

[13] *See McGrellis v. VisionQuest Nat'l &, Unemployment Ins. Appeal Bd.*, 2016 WL 1424286, at *2 (Del. Super. Ct. Mar. 30, 2016) (Superior Court affirmed Board decision even though "[c]laimant was the only witness at both hearings; Employer did not attend."). *See also Green v. Macy's,* 185 A.3d 693 (Del. 2018) (Court found that the Board's decision supported by substantial evidence where the "employer, Macy's Retail Holdings, did not participate in the administrative proceedings and neither Macy's nor the Unemployment Insurance Appeal Board participated in Green's appeals to the Superior Court and this Court.").

Employer advised her that her job was still available. Based on the evidence, the Board correctly concluded that Appellant voluntarily terminated her employment without good cause.

## V. **CONCLUSION**

Considering the foregoing, the Board's decision is **AFFIRMED**. Appellant has failed to show that she voluntarily terminated her employment with good cause attributable to her work and is therefore disqualified from receiving unemployment benefits.

**IT IS SO ORDERED.**